**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MUNIRA HAYES, ) | CASE NO. 1:13CV2812 |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner ) | MEMORANDUM OPINION & ORDER |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

On June 30, 2015, Plaintiff Munira Hayes ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. No. 22.) The Acting Commissioner of Social Security ("Commissioner") filed a response indicating she does not oppose the motion. (Doc. No. 23.) For the reasons set forth above, Plaintiff's Motion is GRANTED.

**I. Procedural History**

On December 22, 2013, Plaintiff filed a Complaint in this Court, challenging the Commissioner's denial of social security disability benefits. (Doc. No. 1.) After the Commissioner filed an Answer and Transcript of Proceedings before the Social Security Administration, Plaintiff filed her Brief on the Merits on April 29, 2014. (Doc. Nos. 11, 12, 15.) Thereafter, on June 25, 2014, the Commissioner filed a Motion to Remand the case for further administrative action. (Doc. No. 17.) Plaintiff consented to the Motion. *Id*. at 2. On June 25,

2015, this Court issued a Judgment Entry vacating the final decision of the Commissioner and remanding for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]  (Doc. No. 18.)

On September 24, 2014, Plaintiff filed a timely Motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. No. 19.)  On October 7, 2014, the parties filed a Joint Stipulation to an award to Plaintiff in the amount of $3,400.  (Doc. No. 20.)  On October 9, 2014, the Court issued an Order granting Plaintiff $3,400 in attorney fees pursuant to the EAJA consistent with the parties' Joint Stipulation.  (Doc. No. 21.)

Upon remand, the Social Security Administration determined Plaintiff was disabled as of December 21, 2010.  (Doc. No. 22-1 at 2.)  Based upon the Court's calculation of the information contained in Exhibit A to Plaintiff's Motion for Attorney Fees pursuant to § 406(b), it appears Plaintiff's past due benefits totaled $56,184.00.[2]  (Doc. No. 22-1 at 2.)

## II.  Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

  (1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq.*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable

---

[1] Specifically, the Court ordered as follows: "On remand, the ALJ will take the following actions: (1) address and evaluate all medical source opinions, with particular attention to the opinions of Drs. Hill, Warren, Malkamaki, Blitz, So, and Beachy, with further consideration of the weight allocations to each opinion, as required by 20 C.F.R. §§ 404.1527 and 416.927, and Social Security Rulings ("SSR") 96-2p and 06-03p; (2) further consider Plaintiff's maximum residual functional capacity with specific reference to the opinion evidence of record; and (3) obtain supplemental vocational expert testimony, if warranted." (Doc. No. 18 at 1-2.)

[2] In a letter to Plaintiff dated June 14, 2015 (attached as Exhibit A to Plaintiff's Motion), the Social Security Administration ("SSA") stated that: "When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee.  We withheld $14,046.00 from your past due benefits in case we need to pay your lawyer." (Doc. No. 22-1 at 2.) The Court assumes the $14,046.00 constitutes 25% of Plaintiff's past due benefits award and, therefore, multiplied that figure by four to arrive at the total past due benefits award amount of $56,184.00 set forth above.

fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the

Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

    (B) For purposes of this paragraph--

      (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

      (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

  (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 WL 4891025 at * 1 (S.D. Ohio Sept. 21, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id.* (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*)).

### III. Analysis

Here, the Social Security Administration withheld $14,046.00 "from [Plaintiff's] past due benefits in case we need to pay your lawyer." (Doc. No. 22-1 at 2.) As noted above, the withheld amount represents approximately 25 percent of the past due benefits. "While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under [§ 406(a) and] § 406(b) for work performed before the administrative agency and for work performed in the federal court." *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366 at * 2 (W.D. Mich. Sept. 26, 2011). Plaintiff's counsel, Marcia Margolius, represents that she performed a total of 18.05 hours of work before this Court for Plaintiff. (Doc.

No. 22-3.) Plaintiff's counsel requests $6,317.50 in attorney fees to be paid from the amount withheld from Plaintiff's past due benefits, which constitutes approximately eleven (11) percent of her total past due benefits award. Further, given the total number of hours worked, the fee award sought translates into a hypothetical hourly rate of approximately $350.00.[3] (Doc. No. 22.) The Commissioner does not object to an award of $6,317.50 so long as the previous EAJA award of $3,400 in attorney fees is remitted to Plaintiff. (Doc. No. 23.)

The Court notes Plaintiff executed a Attorney/Client Fee Agreement on July 25, 2012 providing that "[w]e agree that if SSA favorably decides the claim(s) through the initial hearing decisions, THE FEE SHALL BE THE LESSER OF 25% OF THE RETROACTIVE BENEFIT OR THE AMOUNT APPROVED BY THE COMMISSIONER WHICH IS CURRENTLY $6,000 BUT IS EXPECTED TO INCREASE IN THE FUTURE PURSUANT TO SECTION 206(a)(2)(A)(II)(ii). If the claim is appealed to the Appeals Council or to Federal Court, then I agree to pay 25 percent of all past due benefits without regard to the $6,000 restriction." (Doc. No. 22-2.) The validity or timing of this agreement is not challenged.

"When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). This Court operates as an "independent check" on the reasonableness of such contingency arrangements. *Gisbrecht*, 535 U.S. at 807. There is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract *unless* 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no indication of improper conduct herein and counsel was effective.

---

[3] The Court reached this figure by dividing the amount of the total award sought ($6,317.50) by the numbers of hours worked on Plaintiff's case (18.05).

As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement. As explained in the *Hayes* decision:

> We believe that, under *Rodriquez*, windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; accord *Bailey v. Comm'r of Soc. Sec.*, 2012 WL 641538 at * 1 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.") Here, Plaintiff's counsel is seeking an award that translates into a hypothetical hourly rate of $350.00. Courts in this District have previously determined that an hourly rate of up to $350 is an appropriate upper limit in awarding attorney fees pursuant to § 406(b). *See e.g. Lucky v. Colvin,* 2014 WL 3748930 at *3 (N.D. Ohio July 29, 2014): *Koprowski v. Comm'r of Soc. Sec.*, 2013 WL 29804 at * 2 (N.D. Ohio Jan. 2, 2013) ("Upon consideration of all that is known to the Court about this area of the law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour"); *Papaleo v. Colvin,* 2013 WL 3940794 at * 3 (N.D. Ohio July 30, 2013); *May v. Comm'r of Soc. Sec.,* 2013 WL 162293 (N.D. Ohio Jan. 14, 2013); *Brown v. Comm'r*, 2012 WL 6682112 at * 3 (N.D. Ohio Dec. 21, 2012); *Arnold v. Astrue*, 2011 WL 307969 at * 2 (N.D. Ohio Jan. 11, 2011). Accordingly, and because the requested fees are no more than twice the standard rate for such work in the relevant market, counsel's request is approved.

However, as acknowledged in Plaintiff's Motion, counsel may not retain both the EAJA award and an award under § 406(b). As the Supreme Court noted in *Gisbrecht*, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (citations omitted). In other words, "[i]n the

situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Tharp v. Comm'r of Soc. Sec.*, 2011 WL 3438431at * 8 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)).

### IV. Conclusion

For the reasons set forth above, the Court approves counsel's request for attorney fees in the amount of $6,317.50 from Plaintiff's past due benefits. It is further ordered that Plaintiff's counsel must refund $3,400 to Plaintiff – the amount previously awarded for attorney fees under the EAJA.

IT IS SO ORDERED.

s/ Greg White<br>
United States Magistrate Judge

Dated: July 14, 2015